THIBODEAUX, Judge.
This is a class action suit brought by Lafayette firemen against the City of Lafayette for alleged violations of state law mandating sick leave and vacation time. Trial was held and judgment was rendered for plaintiffs, awarding them compensation for days they were unlawfully required to work. The City appeals. We affirm the trial court's finding of liability against the City of Lafayette, reverse its determination that premium overtime pay is due to the plaintiffs, and remand to the lower court for the correct determination of damages in accordance with this opinion.
FACTS
The facts are undisputed. The Fair Labor Standards Act, 29 U.S.C. § 201, et seq., mandates a work period for firemen not to exceed 216 hours in 28 consecutive days. Firemen who exceed the normal work hours are to be paid overtime compensation of one and a half their normal base pay for each extra hour worked. LSA-R.S. 33:1994(c) specifically mandates that the City of Lafayette establish a work period for its firemen of not more than 28 days and that it pay overtime or give compensatory time for all hours worked in that work period which exceed an average of 53 hours per week.
The City established a 27 day work period. During each work period, each employee was given a scheduled 12 hour day off, called a “Kelly Day.” The name has no significance. The actual date of the Kelly Day varied throughout the work period and from work period to work period. The purpose of the Kelly Day was to insure that no firemen worked more than 204 hours per work period so that overtime would not have to be paid.
This suit arose because, depending on when sick or vacation leave was taken, employees were sometimes required to work their Kelly Day. If an employee took leave (either sick leave or vacation time) during a work period prior to the scheduled Kelly Day, the employee was required to work the Kelly Day as well as being charged with however many days of leave *849 were taken. Likewise, if an employee took leave during a period which included his scheduled Kelly Day, even though it was a scheduled day off, he would be charged with a day of leave for the Kelly Day. However if, during a work period, an employee enjoyed his Kelly Day and subsequently took leave, he was not required to work an additional day nor was he required to forfeit the Kelly Day of the next work period. This policy was changed when suit was filed but had been in effect for three years prior to that time.
The employees filed suit because they believed the City’s policy wrongfully interfered with their statutorily mandated right to sick or vacation leave. LSA-R.S. 33:1996. At trial, the judge agreed and found that the policy penalized employees for taking leave prior to the Kelly Day. He ordered the City to make an accounting to plaintiffs of the Kelly Days each worked and to submit it to the court subject to any objections by plaintiffs.
The accounting was made and submitted to the court, along with plaintiffs’ objections, at a post-trial hearing. The trial judge clarified his earlier ruling by ordering the City to compensate all plaintiffs who were owed at the overtime rate of one and a half times the normal base pay. From this judgment, the city appeals.
ISSUES AND DISCUSSION
The City raises the following issues:
(1) whether the Kelly Day policy violates the provisions of LSA-R.S. 33:1995 and 1996; (2) whether the trial judge erred in ordering an accounting and payment to plaintiffs where no evidence was offered that money was due and no basis for a money judgment existed in the trial judge’s reasons; and, (3) whether the trial judge erred in awarding plaintiffs premium overtime rates where no evidence was offered to show overtime was actually worked.
The trial judge found the City’s policy of requiring employees to work their Kelly Day violated LSA-R.S. 33:1995 and 1996. LSA-R.S. 33:1995 states:
Every fireman in the employ of a municipality, parish or fire protection district to which this Subpart applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks. (Emphasis added).
LSA-R.S. 33:1996 states:
Firemen in municipalities, parishes and fire protection districts to which this Sub-part applies after having served one year, shall be entitled to an annual vacation of eighteen days with full pay ... The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause. (Emphasis added).
[[Image here]]
The Louisiana Supreme Court in New Orleans Firefighters Association v. Civil Service Commission of New Orleans, 422 So.2d 402, 412 (La.1982) described LSA-R.S. 33:1991, et seq., as “remedial and humanitarian in purpose.” The court went on to further define the purpose of the statutes:
“... to make effective [the legislature’s] conception of public policy that substandard labor conditions in city ... fire departments should be eliminated as being injurious to the safety and welfare of the public as well as detrimental to the health, efficiency and morale of firefighters.”
By requiring an employee to work a day he was previously scheduled to be off because he exercised a right to sick or vacation leave mandated by state statute, the City interfered with the very purpose of the statute. In effect, the policy penalized employees for exercising their statutorily mandated right. Such a policy could have had a chilling effect on those employees who wished to exercise this right but who had not yet had their scheduled Kelly Day. Furthermore, the policy was unfair because it penalized those who took leave before or on the Kelly Day but did nothing to those who took leave after their Kelly Day. Interference with the exercise of this right *850 clearly violated the statutes. This assignment is without merit.
The second issue deals with the trial judge’s order requiring the City to make an accounting to plaintiffs and awarding a money judgment. The City claims that the reasons for judgment provided no basis for a money judgment and no evidence was introduced to show that money was owed. As stated in his reasons, the trial judge found the firemen were required to work a day that they were normally scheduled off. He determined that if employees were required to work their Kelly Day because they took leave, they should not be charged for one day of leave taken. Because employees were required to work the Kelly Day and were charged with all of the days taken as leave, the trial judge found that the employees were working an extra day.
While the trial judge’s reasons for ruling were not abundantly clear, they were sufficiently adequate to determine why he ordered an accounting: he found that employees who had worked their Kelly Day were entitled to an additional days pay. This reasoning is sound. Employees who did not utilize their leave were paid for the whole work period and were still entitled to a Kelly Day. Those who took leave subsequent to their Kelly Day were paid their regular salary and had a day off. Because those who were required to work their Kelly Day were denied a day off and charged for a leave day, they should be paid for working an additional day. Payment of this additional day is the basis for the money judgment.
The City’s argument that no evidence was introduced to show that money was owed is without merit. The purpose for ordering the accounting was to determine who and how much was owed. Its basis was in the admitted fact that employees had been required to work their Kelly Days when leave had previously been taken in the same work period. From this fact the trial judge determined compensation was due. There is no error in this determination.
The last issue concerns the trial judge’s award of the premium wage rate of one and one half times the regular hourly wage for the Kelly Days worked. The City asserts this is error because overtime is based on a determination of hours worked in excess of the statutorily mandated maximum. We agree.
The applicable statutes calculate overtime based on the hours actually worked by employees. Under LSA-33:1994(C), the City must pay overtime if an employee exceeds an average of 53 hours per week during one work period. In determining the hours worked for a particular work period, days taken as leave are not included. Thus, due to the nature of the policy established by the City, if an employee takes a day of leave and is required to work his Kelly Day, he would still not exceed the statutory maximum hours.
However, the fact remains that the employees worked a scheduled day off while still being assessed a day of leave. In the very least, they have been deprived of the use of some sick leave or vacation days. Compensation is due for this additional day of work. Accordingly, we reverse the trial judge’s finding that premium overtime pay is due plaintiffs for the Kelly Days they worked. We remand to the trial court for a determination of amounts owed plaintiffs based on regular pay for each twelve hour Kelly Day they were unlawfully required to work and order judgment in accordance with the determination. Additionally, should it be determined that certain employees, by being required to work their Kelly Day, exceeded the statutory maximum hours, we order them compensated at the premium overtime rate of one and one half times the normal base hourly rate of pay.
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded. Costs of this appeal in the amount of $1,236.90 are to be shared by the parties.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.